```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

STEVEN LYNN KINNEY                                    PETITIONER

VS.                              CIVIL NO. 5:08-cv-339(DCB)
                            CRIMINAL NO. 5:05-cr-17(DCB)(JMS)

UNITED STATES OF AMERICA                              RESPONDENT

<u>ORDER</u>

This cause is before the Court on Steven Lynn Kinney's Petition to Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 16** in criminal action 5:05cr17**)**. Having carefully considered the petition, the government's response, and the petitioner's reply, and being fully advised in the premises, the Court finds as follows:

Petitioner Steven Lynn Kinney ("Kinney"), who is currently in the custody of the United States Bureau of Prisons, seeks relief under 28 U.S.C. § 2255. This is Kinney's first attempt at § 2255 relief.

Kinney was charged in an indictment with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Kinney pled guilty on October 3, 2006, and was sentenced on February 5, 2007, to a term of imprisonment of 99 months, to run concurrent with the defendant's sentence imposed by the District of Nevada in criminal no. CR-S-03-0080, and to be followed by a 60 month term of supervised release. The written Judgment of Sentence was filed on

February 13, 2007.

On July 10, 2008, Kinney filed a Petition to Set Aside or Correct Sentence. The Government has answered and has raised the affirmative defense of the statute of limitations applicable to § 2255 petitions, which the Court construes as a motion to dismiss since it does not refer to matters outside the pleadings.

The United States argues that Kinney's § 2255 Petition to Set Aside or Correct Sentence should be dismissed because it is time barred. With the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now specifically provides for a one-year statute of limitations:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment or conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right was asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6. Kinney is challenging a sentence that became final after the AEDPA's effective date. Pursuant to § 2255 ¶ 6(1),

the limitations period began to run from the date Kinney's judgment became final.  The statute does not, however, define when a judgment becomes "final" for purposes of the limitation period. United States v. Thomas, 203 F.3d 350, 351-52 (5th Cir. 2000).  The Fifth Circuit has recently held that "when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal."  United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the latter of the entry of either the judgment or the order being appealed, or the filing of the government's notice of appeal.  Fed.R.App.P. 4(b). Neither the government nor Kinney filed an appeal from the February 13, 2007, Judgment.  Kinney's judgment therefore became final ten days after February 13, 2007.  As calculated under Fed.R.App.P. 26, ten days after February 13, 2007, was February 28, 2007 (excluding weekends and Washington's Birthday).  Under § 2255 ¶ 6(1), Kinney had until February 28, 2008, to file his § 2255 petition.  His petition was filed on July 10, 2008.  Under 28 U.S.C. § 2255 ¶ 6(1), Kinney's petition is untimely.

In his reply to the Government's response, Kinney argues for the first time that § 2255 ¶ 6(4) is applicable in his case.

3

Specifically, he claims that he "reasonably believed that the error in his sentence calculation could be corrected by asserting an administrative grievance with the Federal Bureau of Prisons." Reply, p. 3. His grievance was filed on July 18, 2007, and he received a response on July 25, 2007. Id. Kinney argues that he did not know he had a viable claim relating to his sentence until July 25, 2007, and that this is the date on which the facts supporting his claim could have first been discovered through the exercise of due diligence under § 2255 ¶ 6(4). If July 25, 2007, is the operative date for purposes of beginning the limitations period under 28 U.S.C. § 2255 ¶ 6(4), Kinney's petition would be timely.

Because Kinney has submitted matters outside the pleadings, the Court shall convert what was hitherto construed as a motion to dismiss by the Government to a motion for summary judgment.[1] The Court shall further require the Government to file a response to Kinney's assertion of § 2255 ¶ 6(4). Accordingly,

IT IS HEREBY ORDERED that the United States file a response to the Petitioner's assertion of § 2255 ¶ 6(4) on or before ten (10) days from the date of entry of this Order.

---

[1] Rule 12 of the Rules governing § 2255 motions provides that the Federal Rules of Civil Procedure, if not inconsistent with § 2255, may be applied by the Court. Rule 12(d) provides that if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

SO ORDERED, this the 31st day of March, 2009.


                                                /s/ David Bramlette
                                                UNITED STATES DISTRICT JUDGE