IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEVEN LYNN KINNEY                                              PETITIONER

VS.                                              CIVIL NO. 5:08-cv-239(DCB)
                                         CRIMINAL NO. 5:05-cr-17(DCB)(JMS)

UNITED STATES OF AMERICA                                        RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Steven Lynn Kinney's Petition to Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 16** in criminal action 5:05cr17**)**. After careful consideration of the petition, the government's response, and the petitioner's reply, the Court entered a show cause order requiring the government to file a response to the petitioner's reply, which it has done. The Court now finds as follows:

Petitioner Steven Lynn Kinney ("Kinney"), who is currently in the custody of the United States Bureau of Prisons, seeks federal habeas corpus relief under 28 U.S.C. § 2255. This is Kinney's first attempt at § 2255 relief.

Kinney was charged in an indictment with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Kinney pled guilty on October 3, 2006, and was sentenced on February 5, 2007, to a term of imprisonment of 99 months, to run concurrent with the defendant's sentence imposed by the District of Nevada in criminal no. CR-S-03-0080, and to be followed by a 60 month term of

supervised release. The written Judgment of Sentence was filed on February 13, 2007.

In response to Kinney's Petition to Set Aside or Correct Sentence, the Government answered and raised the affirmative defense of the statute of limitations applicable to § 2255 petitions, which the Court originally construed as a motion to dismiss since it did not refer to matters outside the pleadings. The United States argued that Kinney's § 2255 Petition to Set Aside or Correct Sentence should be dismissed because it was time barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted. With the enactment of the AEDPA, 28 U.S.C. § 2255 now specifically provides for a one-year statute of limitations:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment or conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right was asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). Kinney is challenging a sentence that became final after the AEDPA's effective date. Pursuant to § 2255 (f)(1), the limitations period began to run from the date Kinney's judgment became final. The statute does not, however, define when a judgment becomes "final" for purposes of the limitation period. United States v. Thomas, 203 F.3d 350, 351-52 (5th Cir. 2000). The Fifth Circuit has recently held that "when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal." United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the latter of the entry of either the judgment or the order being appealed, or the filing of the government's notice of appeal. Fed.R.App.P. 4(b). Neither the government nor Kinney filed an appeal from the February 13, 2007, judgment. Kinney's judgment therefore became final under Plascencia ten days after February 13, 2007. As calculated under Fed.R.App.P. 26, ten days after February 13, 2007, was February 28, 2007 (excluding weekends and Washington's Birthday). Under § 2255 (f)(1), Kinney had until February 28, 2008, to file his § 2255 petition. His petition was filed on July 10, 2008. Under 28 U.S.C. § 2255 (f)(1), Kinney's petition would be untimely.

3

In his reply to the Government's response, Kinney argued for the first time that § 2255 (f)(4) is applicable in his case. Specifically, he claimed that he "reasonably believed that the error in his sentence calculation could be corrected by asserting an administrative grievance with the Federal Bureau of Prisons." Reply, p. 3. His grievance was filed on July 18, 2007, and he received a response on July 25, 2007. Id. Kinney argued that he did not know he had a viable habeas corpus action relating to his sentence until July 25, 2007, and that this is the date on which the facts supporting his claim could have first been discovered through the exercise of due diligence under § 2255 ¶ 6(4). If July 25, 2007, is the operative date for purposes of beginning the limitations period under 28 U.S.C. § 2255 (f)(4), Kinney's July 10, 2008 petition would be timely.

Because Kinney submitted matters outside the pleadings, the Court converted what had been construed as a motion to dismiss by the Government to a motion for summary judgment.[1] The Court also required the Government to file a response to Kinney's assertion of § 2255 (f)(4). The Government has now filed its response, in which it states that after consultation with the United States Probation

---

[1] Rule 12 of the Rules governing § 2255 motions provides that the Federal Rules of Civil Procedure, if not inconsistent with § 2255, may be applied by the Court. Rule 12(d) provides that if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

4

Officer handling this case, and with defense counsel, it now "takes the position that, on the specific and unique facts of this case, the defendant is entitled to one year from learning that the Bureau of Prisons would not give effect to the intention of this Court to credit the defendant with time in custody from May 23, 2003, for purpose of filing the instant § 2255 motion." Government's Response, p. 1 (citing 28 U.S.C. § 2255(f)(4)).

Furthermore, the Government informs the Court that "[b]ecause the instant motion is timely and seeks implementation of this Court's original intention in sentencing the defendant, the parties are in agreement that this Court has the discretion to enter an Amended Judgment and Commitment Order sentencing the defendant to 54 months to serve, to take effect as of the original sentencing date of February 5, 2007, and to run concurrently with the Nevada sentence imposed in criminal number CR-S-03-0080, with all other provisions of the sentence to remain the same." Government's Response, pp. 1-2.

In light of the foregoing, the Court finds that the Government's affirmative defense of the statute of limitations applicable to § 2255 petitions, which the Court initially treated as a motion to dismiss and subsequently as a motion for summary judgment, has been withdrawn by the Government. The Court further finds that by agreement of the parties, the petitioner's motion to correct his sentence is well taken and shall be granted.

Accordingly,

IT IS HEREBY ORDERED that the petitioner Steven Lynn Kinney's motion to correct sentence pursuant to 28 U.S.C. § 2255 **(docket entry 16** in criminal action 5:05cr17**)** is GRANTED;

FURTHER ORDERED that the Judgment of February 13, 2007, is hereby corrected to reflect that the defendant is sentenced to 54 months to serve, to take effect as of the original sentencing date of February 5, 2007, and to run concurrently with the Nevada sentence imposed in criminal number CR-S-03-0080, with all other provisions of the sentence to remain the same.

A separate Amended Judgment and Commitment Order granting the petitioner's motion and closing this case shall issue in accordance with Fed.R.Civ.P. 58.

SO ORDERED, this the 17th day of December, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE